UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEVIN MICHAEL LONG,<br><br>    Plaintiff,<br><br>  v.<br><br>STANISLAUS COUNTY SHERIFF'S DETENTION CENTER, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00356-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND PROSECUTE THIS CASE<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING THE CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE |
|---|---|

    Plaintiff Kevin Long is proceeding *pro se* in this civil rights action. On March 6, 2023, Plaintiff initiated this action by filing his complaint. (ECF No. 1). Plaintiff also submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2). The case was subsequently transferred from the Sacramento Division. (ECF No. 4). On March 9, 2023, the Court issued an order requiring Plaintiff to refile a completed application or to pay the filing fee, within forty-five days. (ECF No. 6). Because Plaintiff's application indicated that he was detained at the Public Safety Center, the Court also direct Plaintiff to file a notice with the Court regarding his detention status. (*Id.*) The Court also warned Plaintiff that failure to comply may result in a recommendation for the dismissal of this action. (*Id.* at p. 2). The Court's order was returned as undeliverable.

    Plaintiff's deadline to submit a notice regarding his detention status and a new application to proceed *in forma pauperis* or to pay the filing fee has passed. Plaintiff has not

1

this case, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's previous *in forma pauperis* application, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk's Office assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **July 11, 2023**                    /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE